UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

GALE GLOVER,
          Plaintiff,        Civil Action No.: 15-10082
                                   Honorable Marianne O. Battani
v.                                 Magistrate Judge Elizabeth A. Stafford

UNIVERSITY OF MICHIGAN-
FLINT,

          Defendant.
_____/

## ORDER DENYING MOTION FOR LEAVE TO FILE
## SECOND AMENDED COMPLAINT [R. 20]

Plaintiff Gale Glover commenced this action against defendant University of Michigan-Flint ("U of M") alleging employment discrimination based on her race in violation of the Civil Rights Act, 42 U.S.C. § 1983. [R. 1]. After U of M answered the complaint, Glover amended her complaint as of right, alleging two additional claims: a violation of the Americans with Disabilities Act based a failure to accommodate her food allergies, and a violation of the Lanham Act through deceptive advertising. [R. 9, 15]. U of M again answered the allegations. [R. 16].

Glover now seeks to amend her complaint a second time, to allege additional state law claims of breach of contract, fraudulent representation and negligent misrepresentation. [R. 20]. U of M opposes this motion. [R.

22]. For the following reasons, Glover's motion to amend **[R. 20]** is **DENIED**.

I. **LEGAL STANDARD**

Federal Rule of Civil Procedure 15 permits a plaintiff to amend its complaint once as a matter of course within twenty-one days after service of a responsive pleading or twenty-one days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). After that point, a plaintiff "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2).

However, a court should deny a motion to amend "if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

II. **ANALYSIS**

U of M argues that granting Glover leave to add the three state law

claims would be futile because the Eleventh Amendment bars suit against U of M on these claims. The Court agrees. U of M is a university chartered by and considered an arm of the State of Michigan. The Eleventh Amendment protects States from suit in federal court for injunctive, monetary or declaratory relief by their own citizens or citizens of another state. *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997); *Hans v. Louisiana*, 134 U.S. 1, (1890). Consequently, supplemental state court claims may not be brought against a state or its officials in federal court. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 117-21 (1984); *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 520-21 (6th Cir. 2007); *Thomas v. Noder-Love,* No. 13-2495, 2015 WL 4385284, at *5 (6th Cir. July 17, 2015).

    Because U of M is immune from suit on the proposed state law claims, Glover's motion to amend her complaint to add these claims **[R. 20]** is **DENIED**.

Dated: July 23, 2015                              s/Elizabeth A. Stafford
Detroit, Michigan                              ELIZABETH A. STAFFORD
                                                      United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order

within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1).

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 23, 2015.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
